UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:12-CV-60710-DIMITROULEAS/SNOW

FLEET ADVANTAGE, LLC,

    Plaintiff/Counter Defendant,

v.

SCOTT MISHOE,

    Defendant/Counter Plaintiff,
_____/

**DEFENDANT/COUNTER PLAINTIFF SCOTT MISHOE'S *TIME SENSITIVE* MOTIONS FOR SANCTIONS, ATTORNEYS' FEES AND COSTS AND SECOND MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDERS**

Defendant/Counter Plaintiff Scott Mishoe ("Mishoe"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 30 and 37 and S.D. Fla. L.R. 26.1(H), request entry of an Order sanctioning Fleet Advantage, LLC ("Plaintiff") for its repeated failure to comply with this Court's previous Orders, to compel Plaintiff to comply with this Court's previous Orders and to provide its production documents today by 12:00 p.m. (noon).

    1.    The history of Plaintiff's failure to respond to Mr. Mishoe written discovery and the impact of that failure on Mishoe's ability to prepare for depositions and to comply with the dispositive motion deadline is set forth in Mr. Mishoe's prior Motion to Compel Compliance. See D.E. #87.

    2.    Plaintiff has agreed to produce Peter Flynn, John Flynn and Brian Holland for depositions tomorrow, April 26, 2013, at the offices of Mr. Mishoe's counsel.

    3.    This Court granted, in part, Mr. Mishoe's April 24th Motion to Compel, see D.E. # 89, and ordered Plaintiff "to produce responsive documents in its possession, custody and control

to Mishoe's counsel by 5:00 p.m. [on April 24, 2013]." This Court reserved ruling on Mr. Mishoe's request for sanctions.

4. Rather than complying with this Court's April 24th Order, Plaintiff's counsel offered to make the documents available for inspection at Fleet's offices in Fort Lauderdale on April 25, 2013 at 9:00 a.m.  See E-mail correspondence, attached as Exhibit A.

5. Thereafter, upon Mishoe's counsel's request for compliance with this Court's Orders, Plaintiff's counsel offered to make the production documents available for inspection at Fleet's offices in Fort Lauderdale on April 24, 2013 at 5:00 p.m.  See Plaintiff's Notice of Compliance.

6. Mishoe's counsel has repeatedly requested that Plaintiff comply with this Court's Orders and produce the production documents to counsel at her offices so that she can adequately prepare for the three (3) depositions in this matter which are scheduled for tomorrow, April 26, 2013, and so Mishoe can adequately prepare his Motion for Summary Judgment.

7. This morning, in an effort to avoid the necessity of this Motion, counsel for Mishoe again requested that Plaintiff comply with this Court's Orders and provide the production documents to her at her offices by 10:00 a.m.  Plaintiff has refused to do so. Thereafter, again in an effort to avoid the necessity of this Motion, counsel for Mishoe offered to send a courier to pick up the "many" boxes of documents at Fleet's Ft. Lauderdale offices and deliver them to Mishoe's counsel's offices.  Plaintiff has refused to permit counsel for Mishoe to pick up the "many" boxes of documents at Fleet's offices.  See E-mail correspondence, attached as Exhibit B.

## **MEMORANDUM OF LAW**

### **Plaintiff's Delay Tactics Continue to Prejudice Mr. Mishoe.**

Mr. Mishoe continues to be prejudiced by Plaintiff's failure to respond to the Discovery and Plaintiff's failure to comply with this Court's prior Orders.

Plaintiff's continued failure to provide the production documents to counsel for Mishoe has prejudiced Mr. Mishoe because it is impossible to prepare for the depositions of Plaintiff's executives, scheduled for tomorrow, without these production documents.  Plaintiff's suggestion that counsel for Mishoe spend all day, today, inspecting documents (in Fort Lauderdale) rather than preparing for tomorrow's depositions is not a workable solution.  Counsel for Mishoe has other matters and deadlines to attend to today as well as needing to prepare for depositions in this matter and cannot be in multiple places at once.  This Court granted Mishoe's Motion to Compel Compliance and directed Plaintiff to produce the production documents **to** counsel for Mishoe by 5:00 p.m. yesterday.  Plaintiff's offer to make boxes of documents available today or yesterday at 5:00 p.m. in Fleet's offices in Fort Lauderdale is in violation of this Court's Order (both the spirit and language of same).

Additionally, there is no way for Mr. Mishoe to prepare and file his Motion for Summary Judgment and as such he has again been prejudiced by Plaintiff's delay.  If the Discovery had been received when required, Mr. Mishoe's counsel would already be preparing Mr. Mishoe's Motion for Summary Judgment due on May 3rd.

WHEREFORE, Defendant/Counter-Plaintiff, Scott Mishoe, respectfully requests entry of an Order sanctioning Plaintiff for failing to comply with this Court's April 24, 2013 Order.  Mr. Mishoe requests entry of an Order directing Plaintiff to provide production documents today (at counsel for Mr. Mishoe's office) no later than 12:00 p.m. today so that the Court ordered

depositions of Fleet's executives can go forward tomorrow.  Mr. Mishoe also respectfully requests that this Court sanction Plaintiff and require Plaintiff to pay the costs of expedited deposition transcripts for the depositions scheduled for tomorrow.  Additionally, Mr. Mishoe respectfully requests that this Court award Mr. Mishoe attorneys' fees and costs associated with this Motion and any other costs and fees associated with Plaintiff's failure to comply in this matter.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, undersigned counsel certifies that she has conferred with counsel for Plaintiff in a good faith effort to resolve the issues set forth in this Motion without Court intervention.  Counsel for Plaintiff and counsel for Mishoe have exchanged several emails and counsel for Plaintiff has refused to produce the documents to counsel for Mishoe at her offices pursuant to this Court's April 24, 2013 Order.  Further, counsel for Plaintiff has refused to produce the production documents to counsel for Mishoe at her offices this morning before 10:00 a.m. (suggested by counsel for Mishoe in effort to avoid this Motion) and refused to permit counsel for Mishoe to send a courier to come pick up the documents.

> FOX ROTHSCHILD LLP
> 222 Lakeview Avenue, Suite 700
> West Palm Beach, FL 33401
> Telephone: (561) 835-9600
> Facsimile: (561) 835-9602
>
> By: */s/ Dori K. Stibolt*
> Amy S. Rubin
> Florida Bar No. 476048
> arubin@foxrothschild.com
> Dori K. Stibolt
> Florida Bar No. 183611
> dstibolt@foxrothschild.com
> *Counsel for Defendant/Counter Plaintiff*
> *Scott Mishoe*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Dori K. Stibolt
Dori K. Stibolt

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  0:12-CV-60710-DIMITROULEAS/SNOW

| | |
|---|---|
| Edward Joseph Jennings | Amy S. Rubin |
| EJJLegal@aol.com | arubin@foxrothschild.com |
| 200 SE 18th Court | Dori K. Stibolt |
| Fort Lauderdale, FL 33316 | dstibolt@foxrothschild.com |
| Telephone:  (954)764-4330 | Fox Rothschild LLP |
| Facsimile:  (954) 764-4502 | 222 Lakeview Avenue, Suite 700 |
| ***Counsel for Plaintiff/Counter Defendant, Fleet Advantage, LLC*** | West Palm Beach, FL  33401 |
| | Telephone:  (561) 835-9600 |
| | Facsimile:  (561) 835-9602 |
| | ***Attorneys for Defendant/Counter Claimant, Scott Mishoe*** |

5

ACTIVE 20366988v1